**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samuel Wilburn,<br><br>           Plaintiff,<br><br>v.<br><br>Auto-Owners Insurance Company, et al.,<br><br>           Defendants. | No. CV-21-00587-PHX-DJH<br><br>**ORDER** |

      Before the Court is Defendant's Motion in Limine No. 3 (Doc. 45) and Plaintiff's Motion in Limine No. 4 (Doc. 52) to which the opposing party has filed a response. (Docs. 61 and 66). The Court sought additional information, which the parties provided at the final pretrial conference on June 13, 2022. Upon consideration of the same, the Court now issues its Order.

      **A. Motions in Limine**[1]

      Defendant's Motion in Limine (Doc. 45) seeks an Order excluding arguments or evidence that it breached its covenant of good faith and fair dealings. Defendants state that in Plaintiff's proposed voir dire and statement of the case "Plaintiff alludes to the failure to make a reasonable settlement offer, a failure to timely investigate the matter, and . . . failing to give equal consideration to the interests of the Plaintiff" yet, he only plead a claim for accident related damages. (Doc. 45 at 1). In Plaintiff's Motion in Limine (Doc. 52) he seeks an order precluding Defendants from calling witnesses to testify "about their personal

---
[1] The issues to be tried are described in Order (Doc. 72) and will not be repeated here.

knowledge of the facts and circumstances giving rise to the claims in Plaintiff's Complaint, including their knowledge of the receipt and handling of Plaintiff's underinsured motorist claim by Owners Insurance Company." (Doc. 52 at 1).

In its previous Order, the Court noted a review of the Complaint showed that Plaintiff twice referenced "breach of contract." (Doc. 71 at 1). The Complaint is otherwise silent as to pleading the elements of bad faith, yet it describes Plaintiff as providing medical treatment records to Defendant repeatedly. The Court also noted that in the Defendant's removal pleadings it described the claims as "Tort and Breach of Contract." (Doc. 1). The pending motions in limine raise questions about whether the Plaintiff should be permitted to introduce evidence or testimony of bad faith in the upcoming trial. Therefore, the Court asked the parties to meet and confer and determine "whether they can agree that Plaintiff has sought discovery related to a claim of bad faith, whether the Defendants have produced any discovery related thereto, and whether a motion pursuant to Rule 15(b)(2) is appropriate to clarify the issues to be tried." (Doc. 71 at 2).

**B. Plaintiff's Complaint - Elements of a Bad faith Claim?**

A complaint need only have "a short and plain statement of the claim showing that the pleader is entitled to relief." Ariz. R. Civ. P. 8. Arizona's notice pleading standard proposes to "give the opponent fair notice of the nature and basis of the claim and indicate generally the type of litigation involved." *See Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419(2008) (*citing Mackey v. Spangler*, 81 Ariz. 113, 115(1956). Generally, conclusory statements are insufficient to state a claim upon which relief can be granted, thus, a complaint must include well-pled facts. *Id*.

Reviewing Plaintiff's Complaint under this standard, the Plaintiff sufficiently pled facts that gave Defendants fair notice of his intended bad faith claim. Plaintiff described Defendant's ongoing and repeated requests for medical treatment and billing records over a prolonged period of time. And, as observed by the Court, in Defendant's removal papers, they describe the claim as one of "Tort and Breach of Contract." *See* (Doc. 1-2 at 2). Defendant's early disclosure of an individual who could discuss the handling of Plaintiff's

claim supports that they were on notice of Plaintiff's bad faith claim. Yet, that does not resolve the Court's inquiry – whether Plaintiff may introduce evidence of Defendant's alleged bad faith.[2]

Generally, in cases involving insurer's breach of contract, to prove bad faith, one must show: (1) the insurer unreasonably investigated, evaluated or processed its claim (an objective test); *and* (2) the insurer either knew it was acting unreasonably or "act[ed] with such reckless disregard that such knowledge may be impute to it (a subjective test)." *Nardelli v. Metro, Grp. Prop. & Cas. Ins.*, 230 Ariz. 592, 277 (Ariz. Ct. App. 2012) (emphasis added). While Plaintiff's Complaint alludes to a delay of his claims handling, it does not include well-plead facts that Defendant knew it was acting unreasonably or with reckless disregard in the claims handling.

At the final pretrial conference, the Court inquired as to discovery that supports a bad faith claim. The parties agreed that no discovery was sought or produced related to a claim of bad faith. Plaintiff stated Defendant's initial disclosure statement indicates that they would provide a witness who could speak to Plaintiff's allegations that they acted in bad faith by failing to timely act on his claims. Apparently, however, Plaintiff never sought the deposition of that witness or any witness who had knowledge of Plaintiff's insurance claims handling. Therefore, Plaintiff's testimony would be offered to support his claim of bad faith. Such testimony could satisfy the first prong of a bad faith claim. However, Plaintiff does not proffer any evidence or testimony to meet the second subjective test that Defendants had knowledge that it was acting unreasonably or with reckless disregard in handling his claims.

At this juncture, the Court will permit Plaintiff to introduce non-hearsay testimony of how his medical treatment claims proceeded. However, neither party may introduce testimony or evidence related to the investigation or handling of Plaintiff's insurance

///

---

[2] The Court notes that neither party filed a summary judgment motion in the case, nor did Defendant file a motion to dismiss pursuant to Rule 12(b)(6) regarding the bad faith claim. Moreover, though the Court inquired, neither party addressed whether a Rule 15(b)(2) motion would address the matter.

claims that have not previously been disclosed pursuant to the discovery deadlines. Accordingly,

**IT IS HEREBY ORDERED** denying Defendant's Motion in Limine (Doc. 45);

**IT IS FURTHER ORDERED** granting Plaintiff's Motion in Limine (Doc. 52).

Dated this 21st day of June, 2022.

Honorable Diane J. Humetewa
United States District Judge